IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Ty'Ran Tyrell Dixon,         ) | Civil Action No.: 3:25-cv-09847-JFA-SVH |
| )   | |
| Plaintiff,         ) | |
| )   | |
| v.         ) | |
| )   | **ANSWER ON BEHALF** |
| Steven W. Griffith, Matthew Davis, Noah   ) | **OF DEFENDANT MURRAY** |
| Klienholtz, Carlos Colindres, and Shawn   ) | |
| Murray,         ) | {Jury Trial Demanded} |
| )   | |
| )   | |
| Defendants.         ) | |
| )   | |
| ──────────────────         ) | |

Defendant Shawn Murray (hereinafter referred to as "Defendant") hereby answers Plaintiff's Complaint as follows:

**FOR A FIRST DEFENSE**

1.     Defendant asserts that Plaintiff's Complaint fails to state a claim upon which relief can be granted, and therefore, Defendant must be dismissed pursuant to Fed.R.Civ.P. 8 and 12.

**FOR A SECOND DEFENSE**

2.     Defendant denies each and every allegation of the Complaint not hereinafter specifically admitted, qualified, or explained.

3.     As to the allegations set forth in the unnumbered paragraphs of the Complaint on pages 1-3, Defendant denies same as stated and demands strict proof thereof.

4.     As to the allegations set forth in Paragraph 1 of the Complaint, Defendant would admit the same, based upon information and belief.

5.     As to the allegations set forth in Paragraphs 2 and 3 of the Complaint, Defendant

asserts that said allegations are not directed to this Defendant and therefore do not require a response from this Defendant. Further answering, to the extent those allegations attempt to establish liability on the part of this Defendant, those allegations are denied.

6. As to the allegations set forth in Paragraph 4 of the Complaint, Defendant would admit only that he was and is employed with the South Carolina Law Enforcement Division ("SLED") and is a citizen and resident of Richland County, South Carolina. Defendant denies all remaining allegations of Paragraph 4 of the Complaint and demands strict proof thereof.

7. As to the allegations set forth in Paragraphs 5 and 6 of the Complaint, Defendant asserts that said allegations are not directed to this Defendant and therefore do not require a response from this Defendant. Further answering, to the extent those allegations attempt to establish liability on the part of this Defendant, those allegations are denied.

8. As to the allegations set forth in Paragraphs 7, 8, and 9 of the Complaint, Defendant asserts said allegations are jurisdictional in nature and/or attempt to establish a legal conclusion and therefore crave reference thereto. Further answering, to the extent the allegations set forth in the above-mentioned paragraphs of the Complaint attempt to establish liability on the part of Defendant, those allegations are denied.

9. As to the allegations set forth in Paragraphs 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, and 67 of the Complaint, Defendant admits only that on or about September 30, 2024 the Plaintiff was arrested pursuant to an arrest warrant issued by the Barnwell County Sheriff's Department. Defendant denies any liability to Plaintiff.

10. As to Paragraph 68 of the Complaint, Defendant repeats and reiterates his responses to the allegations set forth in the corresponding paragraphs of Plaintiff's Complaint. Defendant objects to the jumbling of causes of action.

11. As to the allegations set forth in Paragraphs 69, 70, 71, 72, including subparts a-v, 73, and 74 of the Complaint, Defendant would deny same and demand strict proof thereof.

12. As to Paragraph 75 of the Complaint, Defendant repeats and reiterates his responses to the allegations set forth in the corresponding paragraphs of Plaintiff's Complaint. Defendant objects to the jumbling of causes of action.

13. As to the allegations set forth in Paragraphs 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, and 88 of the Complaint, Defendant would deny same and demand strict proof thereof.

14. That as to the WHEREFORE Paragraphs of the Complaint, Defendant would deny same and demand strict proof thereof.

15. Defendant denies Plaintiff is entitled to the relief sought in this Complaint, or any other relief, from this Defendant.

## FOR A THIRD DEFENSE

16. Defendant would allege that at no time has he violated any clearly established constitutional rights which were known or should have been known to him and, therefore, Defendant is entitled to immunity.

## FOR A FOURTH DEFENSE

17. Plaintiff has failed to establish a justiciable claim against this Defendant.

## FOR A FIFTH DEFENSE

18. Plaintiff has jumbled his causes of action and therefore this action should be dismissed.

**FOR A SIXTH DEFENSE**

19.     Defendant, in his official capacities, is not a "person" within the meaning of the term as used in 42 U.S.C. § 1983 and therefore is not subject to suit.

**FOR A SEVENTH DEFENSE**

20.     Defendant is entitled to sovereign immunity.

**FOR AN EIGTH DEFENSE**

21.     Defendant is entitled to sovereign immunity for all claims for punitive damages. Punitive damages are not recoverable under 42 U.S.C. § 1983 against them.

**FOR A NINTH DEFENSE**

22.     Defendant denies that the matters asserted by Plaintiff in the Complaint fall within the purview of 42 U.S.C. § 1983. Defendant denies that any constitutional or federal rights of Plaintiff have been violated.

**FOR A TENTH DEFENSE**

23.     Defendant would allege that any and all claims for punitive damages that have been asserted against him are barred by the common law of the United States and the State of South Carolina.

**FOR AN ELEVENTH DEFENSE**

24.     Defendant was engaged in the performance of his official duties, and at no time violated any clearly established constitutional rights of the Plaintiff, which were known or should have been known to them, and therefore he is entitled to immunity as a matter of law.

**FOR A TWELFTH DEFENSE**

25.     The actions of Defendant were objectively reasonable in light of the existing law, and therefore Defendant is entitled to immunity.

## FOR A THIRTEENTH DEFENSE

26. Plaintiff's claims are barred by the public duty rule.

## FOR A FOURTEENTH DEFENSE

27. Defendant, in his official capacity, is immune from suit in this Court pursuant to the provisions of the Eleventh Amendment to the Constitution of the United States.

WHEREFORE, having fully answered the Plaintiff's Complaint, Defendant pray that the Complaint be dismissed with prejudice, for the costs of this action, and for such other and further relief as the Court deems just and proper.

SMITH | ROBINSON

*s/ Daniel C. Plyler*
DANIEL C. PLYLER, Fed. ID No. 9762
3200 Devine Street
Columbia, SC 29205
T: 803-254-5445
F: 803-254-5007
Daniel.Plyler@SmithRobinsonLaw.com

*Counsel for Defendant Murray*

Columbia, South Carolina

September 3, 2025

5