IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Ty'Ran Tyrell Dixon, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ANSWER |
| Steven W. Griffith, Matthew Davis, | ) | (Steven W. Griffith) |
| Noah Kleinholz, Carlos Colindres, and | ) | (Matthew Davis) |
| Shawn Murray, | ) | (Noah Kleinholz) |
| | ) | |
| Defendants. | ) | |
| | ) | Case Number: 3:25-cv-09847 |

Responding to the allegations of the Complaint, Defendants Steven W. Griffith, Barnwell County Sheriff, Matthew Davis, and Noah Kleinholz, answering together, whether singular or plural hereafter, state as follows:

**FOR A FIRST DEFENSE**

1. Any allegation of the Complaint not hereinafter expressly admitted, modified, or explained is hereby denied.

2. The Complaint contains a lengthy recitation of information that is not contained within a numbered allegation. To the extent this recitation contains allegations against these Defendants, Defendants deny same and demand strict proof thereof.

3. Defendant lacks sufficient information upon which to form a belief as to the allegations of Paragraph 1 and therefore denies same and demands strict proof thereof.

4. In response to Paragraph 2, Defendant Kleinholz admits that he is currently employed with Barnwell County Sheriff's Office and further admits that he was so employed at all times relevant to the Complaint. In this capacity, Defendant Kleinholz admits that he assisted in the investigation

and arrest of Plaintiff, under the supervision of Defendant Davis. Defendant denies the remaining allegations of Paragraph 2 and demands strict proof thereof.

5. In response to Paragraph 3, Defendant Davis admits that he is currently employed with Barnwell County Sheriff's Office and further admits that he was so employed at all times relevant to the Complaint. In this capacity, Defendant Davis admits that he assisted in the investigation and arrest of Plaintiff. Defendant denies the remaining allegations of Paragraph 3 and demands strict proof thereof.

6. Paragraphs 4 and 5 concern other Defendants, to which no response is warranted. To the extent a response is warranted, Defendants deny same and demand strict proof thereof.

7. In response to Paragraph 6, Defendant Griffith admits that he is the Sheriff of Barnwell County Sheriff's Office and that he is responsible for the administration of the Barnwell County Sheriff's Office. Defendant denies the balance of Paragraph 6 and demands strict proof thereof.

8. Paragraph 7 states a legal conclusion to which no response is warranted. To the extent a response is warranted, Defendant denies same and demands strict proof thereof.

9. Defendant denies the allegations of Paragraph 8 and demands strict proof thereof. Specifically, Sheriff Griffith asserts that he is immune from suit in this forum, as the Barnwell County Sheriff, a state constitutional officer, pursuant to the Eleventh Amendment to the U. S. Constitution.

10. In response to Paragraph 9, Defendants demand a jury trial.

11. In response to Paragraph 10, Defendant craves reference to Investigation File 23-10-04847. Defendant denies any allegations regarding the circumstances of the shooting inconsistent with the substance and tenor of that investigatory file and demands strict proof thereof.

12. Defendant admits the allegations of Paragraph 11.

13. In response to Paragraph 12, Defendant Griffith admits that he received the texts marked as "Exhibit A," from a member of the public. Regarding the time and date of the messages, the messages speak for themselves. Defendant denies any allegations inconsistent with the messages themselves and demands strict proof thereof.

14. Defendant denies the allegations of Paragraph 13 and demands strict proof thereof.

15. Defendant denies the allegations of Paragraph 14 and demands strict proof thereof.

16. In response to Paragraphs 15, 16, and 17, Defendant admits that the information received from SLED contained Plaintiff's information on the Suspect List. However, Defendant lacks sufficient information upon which to form a belief as to the process used by SLED to generate the suspect list, and therefore denies same and demands strict proof thereof.

17. Paragraph 18 concerns another Defendant, to which no response is warranted. To the extent a response is warranted, Defendant denies same and demands strict proof thereof.

18. Defendants deny the allegations of Paragraph 19 and demand strict proof thereof.

19. Paragraph 20 concerns another Defendant, to which no response is warranted. To the extent a response is warranted, Defendant denies same and demands strict proof thereof.

20. In response to Paragraph 21, Defendant craves reference to the Investigatory File, Number: 23-10-04847. Defendant denies any allegations inconsistent with the substance and tenor of that investigatory file and demands strict proof thereof.

21. Defendant admits the allegation of Paragraph 22, while further asserting that the Plaintiff's personal identifying information was inadvertently associated with the picture of the actual suspect, who was so identified.

22. Defendant denies the allegations of Paragraphs 23, 24, and 25 and demands strict proof thereof. Defendant Kleinholz admits that he sought the described warrants, at the direction of and

in conjunction with Lt. Davis, his superior officer.

23. In response to Paragraph 26, Defendant admits Plaintiff was and is innocent of the charges made against him. Defendant denies the remaining allegations of Paragraph 26 and demands strict proof thereof.

24. Defendant denies the allegations of Paragraphs 27, 28, and 29 and demands strict proof thereof.

25. Defendant admits the allegation of Paragraph 30.

26. Defendant lacks sufficient information upon which to form a belief as to the allegations of Paragraphs 31 and 32 and therefore denies same and demands strict proof thereof. Defendant admits Plaintiff was and is innocent of the charges made against him.

27. In response to Paragraph 33, Defendant admits the physical differences between the Plaintiff and the actual suspect. Defendant denies the remaining allegations of Paragraph 33 and demands strict proof thereof.

28. Defendant lacks sufficient information upon which to form a belief as to the allegations of Paragraph 34 and therefore denies same and demands strict proof thereof.

29. Defendant admits the allegation of Paragraph 35, insofar as the email speaks for itself. Defendant denies any suggestion that they were aware of the inadvertent association of Plaintiff's personal identifying information with the photograph of the actual suspect at any time before the warrant was signed.

30. Defendant denies the allegations of Paragraphs 36 and 37 and demands strict proof thereof.

31. Paragraph 38 concerns another Defendant, to which no response is warranted. To the extent a response is warranted, Defendant denies same and demands strict proof thereof.

32. In response to Paragraphs 39 and 40, Defendants assert that another officer of Barnwell County Sheriff's Office did meet with the witness to confirm the identity of the suspect after the August 23, 2024 email. Defendants assert they are permitted to rely on the identification made to another officer of the Barnwell County Sheriff's Office. Defendants further asserts, at that time, Defendants were unaware of the inadvertent association of Plaintiff's personal identifying information with the photograph of the actual suspect.

33. Defendant admits the allegations of Paragraph 41.

34. Defendant lacks sufficient information upon which to form a belief as to the allegations of Paragraphs 42 and 43 and therefore denies same and demands strict proof thereof.

35. Defendant admits the allegations of Paragraph 44.

36. Defendant lacks sufficient information upon which to form a belief as to the allegations of Paragraphs 45, 46, 47, 48, and 49, and therefore denies same and demands strict proof thereof.

37. In response to Paragraph 50, Defendants Kleinholz and David admit they were notified of Plaintiff's detention. Defendant denies the balance of Paragraph 50 and demands strict proof thereof. Specifically, Sheriff Griffith was not so notified as described.

38. Defendant denies the allegations of Paragraphs 51, 52, and 53 and demands strict proof thereof. Defendant asserts they lawfully relied on the U. S. Marshals Service to transport Plaintiff to Barnwell County.

39. Defendant denies the allegations of Paragraph 54 and demands strict proof thereof. Specifically, Sheriff Griffith denies any such personal contact.

40. Defendant lacks sufficient information upon which to form a belief as to the allegations of Paragraphs 55, 56, 57, 58, 59, 60, and 61 and therefore denies same and demands strict proof thereof.

41. In response to Paragraph 62, Defendant admits that Plaintiff was picked up by Barnwell County Sheriff's Office deputies on December 6, 2024. Defendant lacks sufficient information upon which to form a belief as to the allegations of balance of Paragraph 62 and therefore denies same and demands strict proof thereof.

42. Defendant denies the allegations of Paragraph 63 and demands strict proof thereof. Defendant craves reference to the body camera footage of this interaction. Defendant denies any allegations inconsistent with the video evidence of this interaction. Specifically, Defendant asserts that Plaintiff was processed briefly into the detention facility, completing a physical questionnaire, and was then transported to the Sheriff's Office.

43. Defendant lacks sufficient information upon which to form a belief as to the allegations of Paragraphs 64 and 65 and therefore denies same and demands strict proof thereof.

44. In response to Paragraph 66, Defendant craves reference to those certain warrants issued, #2024A0610400365 and #2024A0610400366. Defendant denies any allegations inconsistent with the information contained thereof.

45. Defendant denies the allegations of Paragraph 67, to the extent the paragraph contains an allegation, and demands strict proof thereof.

46. In response to Paragraphs 68 and 75, Defendant denies any allegations inconsistent with the substance and tenor of this Answer.

47. Defendant admits the allegations of Paragraph 69.

48. Paragraph 70 states a legal conclusion, to which no response is warranted. To the extent a response is warranted, Defendant denies same and demands strict proof thereof.

49. Defendant denies the allegations of Paragraphs 71 and 72, including subparts (a) through (v), and demands strict proof thereof.

50. Defendant denies the allegations of Paragraphs 73 and 74 and demands strict proof thereof.

51. Defendant Griffith denies the allegations of Paragraphs 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, and 88 and demands strict proof thereof.

52. Defendant denies that Plaintiff is entitled to the relief requested in the prayer for relief and demands strict proof thereof.

## FOR A SECOND DEFENSE

53. To the extent the Complaint alleges negligence, these defendants assert they are entitled to all defenses, privileges, immunities, limitations, and reservations or restrictions of liability set forth in the South Carolina Tort Claims Act, §15-78-10, et seq., Code of Laws of South Carolina, whether or not specifically pleaded elsewhere herein, to the extent the complaint alleges a cause of action for negligence under South Carolina law.

## FOR A THIRD DEFENSE

54. To the extent the Complaint alleges negligence, Defendant is immune from suit for "the failure to provide or the method of providing police or fire protection," pursuant to S. C. Code §15-78-60(6).

## FOR A FOURTH DEFENSE

55. To the extent the Complaint alleges negligence, this defendant asserts it is immune from suit for any conduct which constitutes "the exercise of discretion or judgment by the governmental entity or employee or the performance or failure to perform any act or service which is in the discretion or judgment of the governmental entity or employee," pursuant to S. C. Code §15-78-60(5).

## FOR A FIFTH DEFENSE

56. To the extent the Complaint alleges negligence, Defendant is immune from suit pursuant to S. C. Code §15-78-60 (4), Code of Laws of South Carolina, for any conduct constituting "adoption, enforcement, or compliance with any law or failure to adopt or enforce any law, whether valid or invalid, including, but not limited to, any charter, provision, ordinance, resolution, rule, regulation, or written policies."

## FOR A SIXTH DEFENSE

57. Defendant asserts the plaintiff's arrest was made pursuant to lawfully issued arrest warrant, unrevoked by any judge, and, therefore, with justification.

## FOR A SEVENTH DEFENSE

58. To the extent the Complaint alleges negligence, Defendant asserts that plaintiff's losses, if any, are the direct and proximate result of the actions other persons not employed by defendant, for which the defendant is immune from liability pursuant to the common law and §15-78-60(20), Code of Laws of South Carolina.

## FOR AN EIGHTH DEFENSE

59. Defendant asserts that, even if Defendant is shown to be negligent (which negligence is specifically denied) the acts or omissions of other persons not within the control of defendants superseded and intervened to such an extent as to negate any effects the negligence of defendant may have had on plaintiff.

## FOR A NINTH DEFENSE

60. To the extent the Complaint alleges negligence, Defendant asserts it is immune from suit for any conduct which constitutes the "execution, enforcement, or implementation of the orders of any court or execution, enforcement, or lawful implementation of any process," pursuant to S. C. Code §15-78-60(3).

## FOR A TENTH DEFENSE

61. Defendant asserts that if plaintiff sustained any injuries or damages as set forth in the Complaint, the same were due to the willful, wanton, reckless, careless and negligent acts and conduct of others, which combined with, concurred with and exceeded any willful, wanton, reckless or negligent acts and conduct on the part of defendants, which is specifically and emphatically denied, to bring about the said injuries and damages, if any, as the proximate cause thereof and without which the same would not have occurred and bars any recovery by plaintiff; and, if defendants (or plaintiff) were equally negligent as others or more negligent, which is specifically and emphatically denied, the amount of recovery of damages, if any must be reduced in proportion to the amount of the negligence of others.

## FOR AN ELEVENTH DEFENSE

62. Defendant asserts the injuries and losses, if any, of the plaintiff were proximately caused solely by the negligence of another person not within the control of defendant. Specifically, Defendant asserts it has no control over the operations of the U. S. Marshals Service.

## FOR A TWELFTH DEFENSE

63. To the extent the Complaint alleges negligence, Defendant asserts it is immune from suit for any "employee conduct outside the scope of his official duties or which constitutes actual fraud, actual malice, intent to harm, or a crime involving moral turpitude," pursuant to S. C. Code §15-78-60(17).

## FOR A THIRTEENTH DEFENSE

64. To the extent the Complaint alleges negligence, Defendant is immune from suit and liability, pursuant to S. C. Code §15-78-60(20) for any acts, omissions, or conduct of any person not employed by Defendant.

### FOR A FOURTEENTH DEFENSE

65. Defendant Sheriff pleads the Eleventh Amendment to the Constitution of the United States of America as a total bar to this action, as to Sheriff Griffith, a state constitutional officer.

### FOR A FIFTEENTH DEFENSE

66. The Complaint should be dismissed for failure to state a claim for which relief can be granted, as the allegations do not state a cause of action for which this Defendant can be liable.

### FOR A SIXTEENTH DEFENSE

67. Defendant asserts its duties, if any, are to the public and not to any individual person, that it had no duty to the plaintiff, and that negligence cannot be established as to this Defendant.

### FOR A SEVENTEENTH DEFENSE

68. Defendant denies, upon information and belief, all allegations of negligence or other tortious conduct, and asserts it and its employees complied with the applicable standard of care in their interactions, if any, with the plaintiff.

### FOR AN EIGHTEENTH DEFENSE

69. To the extent the complaint alleges a cause of action for negligence, it is governed by the *South Carolina Tort Claims Act, §15-78-10, et seq., Code of Laws of South Carolina*, which governs the terms and conditions under which sovereign immunity is abrogated and reserved unto governmental entities and political subdivisions of the state. The Plaintiff's recovery, if any, in this action is limited to that provided by *§15-78-120,*

### FOR A NINETEENTH DEFENSE

70. Defendant asserts that, at the time of the issuance of the warrant, Defendants had cause to believe plaintiff's arrest was supported by probable cause and was lawful.

71. Defendant asserts that Plaintiff's arrest was pursuant to a warrant, signed by a Judge.

Defendant asserts that the warrant is evidence of probable cause and that the arrest was made in good faith, based on the evidence available at the time. Defendant asserts that, at the time, it was not yet aware that Plaintiff's personal identifying information was inadvertently associated with the picture of the actual suspect.

## FOR A TWENTIEH DEFENSE

72. This Defendant denies, upon information and belief, all allegations of negligence or other tortious conduct, and asserts it and its employees complied with the applicable standard of care in their interactions, if any, with the plaintiff, in good faith, in accordance with the best evidence available at the time.

## FOR A TWENTY-FIRST DEFENSE

73. To the extent the Complaint alleges negligence under the South Carolina Tort Claims Act, Plaintiff is not entitled to punitive damages, attorney's fees, or any damages beyond those permitted by the Act. To the extent the Complaint seeks punitive damages under the South Carolina Tort Claims Act, that portion of the Complaint should be stricken.

## FOR A TWENTY-SECOND DEFENSE

74. Plaintiff is unable to demonstrate any malice on the part of any answering Defendant or member of the Barnwell County Sheriff's Office. Upon information and belief, the complaint fails to allege malice under the applicable law.

## FOR A TWENTY-THIRD DEFENSE

75. These defendants assert their conduct relevant to the Plaintiff was objectively reasonable under the law then existing, given the information available at the time. Defendant asserts that, at the time, it was not yet aware that Plaintiff's personal identifying information was inadvertently associated with the picture of the actual suspect.

## FOR A TWENTY-FOURTH DEFENSE

76. Defendants assert they were justified in their actions, and acted reasonably, lawfully, and with probable cause, given the information available at the time.

77. Defendants further assert that the investigation into the arrest and the conclusions they drew from the investigation were justified, supporting probable cause for the arrest, given the information available at the time. Defendants assert that, at the time of the arrest, they were not yet aware that Plaintiff's personal identifying information was inadvertently associated with the picture of the actual suspect.

78. Defendant assert that the arrest in this case was supported by probable cause, as defined by the U. S. Constitution, given the information then available, and that the arrest did not violate any known due process rights of the Plaintiff, as a matter of law.

## FOR A TWENTY-FIFTH DEFENSE

79. Defendant has employed and maintained appropriate policies and procedures regarding investigations and arrests.

80. Defendant has properly trained its officers regarding those policies and procedures, as well as the law of the United States of America and the State of South Carolina.

81. Defendant has not been deliberately indifferent to the constitutional rights of the plaintiff in this action.

82. Defendant has not permitted or allowed any widespread violations of policy. Defendant denies any custom or policy, formal or informal, that disregards the constitutional rights of the public.

### FOR A TWENTY-SIXTH DEFENSE

83.     Defendants are entitled to dismissal as a matter of law, pursuant to *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 1948, 173 L.Ed.2d. 868 (2009), as the Complaint fails to allege any particular actions of the named Defendants, that violated any known Constitutional rights of the Plaintiff.

### FOR A TWENTY-SEVENTH DEFENSE

84. Defendant asserts that they, Griffith, Davis, and Kleinholz, did not violate any clearly established Constitutional rights of the Plaintiff and are entitled to qualified immunity.

### FOR A TWENTY-EIGHTH DEFENSE

85. Defendant is informed and believes that liability for an alleged violation of 42 USC § 1983 cannot be imputed through *respondeat superior*. Defendant pleads *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978) as an affirmative defense.

### FOR A TWENTY-NINTH DEFENSE

86.     Plaintiff fails to allege a particular, cognizable constitutional violation.  For this reason, the Complaint should be dismissed, with prejudice.

### FOR A THIRTIETH DEFENSE

87.     Defendant denies being deliberately indifferent to any known constitutional rights of the plaintiffs and further deny the plaintiffs were deprived of any constitutionally protected rights.

### FOR A THIRTY-FIRST DEFENSE

88.     These Defendants, by law, are not subject to joint and several liability.

### FOR A THIRTY-SECOND DEFENSE

89. Defendants assert that their interactions with Plaintiff were at all times undertaken in good faith and in compliance with the laws of the U. S. Constitution, and the laws of the State of South Carolina, given the information available at the time.

90.  Upon learning that Plaintiff's personal identifying information was inadvertently associated with the picture of the actual suspect, Defendant immediately released Plaintiff.

## FOR A THIRTY-THIRD DEFENSE

91.     To the extent the Complaint purports to allege a cause of action for malicious prosecution or for violations of a constitutional right analogous to malicious prosecution, defendant asserts that plaintiff has failed to allege the required elements of the cause of action. Defendant asserts plaintiff has not alleged malice and cannot establish malice in his arrest and prosecution.

92. Defendant denies any malice in the arrest and prosecution of Plaintiff.

93. Defendant denies prolonging the prosecution of Plaintiff, intentionally or otherwise, and denies using the prosecution to harass or injury Plaintiff in any way.

94. Defendant craves reference to the investigative file in this action, including the witness statements, regarding the sufficiency of the investigation and the presentation of the matter to a neutral magistrate.

## FOR A THIRTY-FOURTH DEFENSE

95. Defendant asserts it acted in good faith and within the course and scope of his official duties as an employee, officer, and official of the Barnwell County Sheriff's Office and did not act in bad faith, malice, or bad intent, and are therefore immune from suit for the actions complained by plaintiff.

96. Defendant asserts that, at the time of the issuance of the warrant, it was not yet aware

that Plaintiff's personal identifying information was inadvertently associated with the picture of the actual suspect.

### FOR A THIRTY-FIFTH DEFENSE

97. Defendant denies that they deprived the plaintiff of due process of law, acted without probable cause given the information available at the time, violated plaintiff's rights in any manner, committed any wrong toward the plaintiff, or conducted themselves tortiously in any manner toward the plaintiff.

98. Defendant asserts that it lawfully relied upon the U. S. Marshals Service to provide timely and lawful transportation of Plaintiff to Barnwell County.

99. Defendant asserts that it is not responsible for the decisions regarding transport made by the U. S. Marshals Service, over which Defendant has no control or authority. Defendant complied with the scheduling parameters provided by the U. S. Marshals Service, pursuant to federal law.

### FOR A THIRTY-SIXTH DEFENSE

100. Defendant asserts that the Complaint makes out of cause of action for negligence, which is insufficient to support a cause of action for violations of the U. S. Constitution.

101. In the absence of any allegations of wrongdoing in violation of the rights of the Plaintiff, this Complaint fails, as a matter of law. Negligence is insufficient to support a cause of action arising under the U. S. Constitution.

### FOR A THIRTY-SEVENTH DEFENSE

102. Defendants assert that this Complaint describes a unique scenario, arising from Plaintiff's personal identifying information inadvertently being associated with the picture of another individual, which is not a common occurrence in the Barnwell County Sheriff's Office.

103. Upon information and belief, Defendants assert that there is no history of similar circumstances having taken place in Barnwell County Sheriff's Office and no known deficiency in the policies or procedures of Barnwell County Sheriff's Office related to such matters, nor any suggestion of such a deficiency.

## FOR A THIRTY-EIGHTH DEFENSE

104. Defendants assert that the officers of Barnwell County Sheriff's office are properly trained law enforcement professionals, who respect the Constitutions of the United States of America and the State of South Carolina and strive to uphold their principals of justice.

105. Defendants assert that Plaintiff is innocent of the charges levied against him in Barnwell County and further assert, upon information and belief, the warrants have been rescinded.

## FOR A THIRTY-NINTH DEFENSE

106. Defendants were, at all times relevant to this action, law enforcement officers performing discretionary functions and actions in a manner consistent with the rights of Plaintiff.

WHEREFORE, having fully responded to the Complaint, defendant prays the Court to issue its Order dismissing the Complaint with prejudice.

|  |  |
|---|---|
|  | Respectfully submitted, |
| September 12, 2025 | NESS & JETT, LLC |
|  | By: *s/Alison Dennis Hood* |
| Bamberg, SC | Norma A. T. Jett<br>Alison Dennis Hood (#11078)<br>Post Office Box 909<br>Bamberg, SC 29003<br>(803) 245-5178<br>Attorney for Defendants Griffith, Davis, and Kleinholz |